IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VALLE,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | No. C 11-1554 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK TO SEND HABEAS FORM TO PETITIONER |

    Petitioner, a State prisoner proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his State conviction. Petitioner has paid the filing fee.

    In his petition, Petitioner states that he is seeking a writ of habeas corpus under 28 U.S.C. § 1446(e). Section 1446 generally provides procedures for the removal of civil actions and criminal prosecutions from State to federal court. Subsection 1446(e) in particular directs the district court to issue a writ of habeas corpus to transfer to federal custody criminal defendants whose criminal prosecutions have been removed from State court.

    Under § 1446, a notice of removal of a criminal prosecution must be filed "not later than thirty days after the arraignment in State court, or at any time before trial, whichever is earlier . . ." 28 U.S.C. § 1446(c)(1). Here, Petitioner states that on December 10, 2010 he was convicted in State court of two counts of attempted murder on police officers, two counts of assault, burglary and being an ex-felon in possession of a handgun. As

Petitioner already has been convicted, his request to remove his prosecution to federal court must be DENIED as moot.

Further, to the extent Petitioner is attempting to seek federal habeas corpus relief challenging the validity of his State conviction under 28 U.S.C. § 2254, he has provided inadequate information for the Court to determine whether he can pursue such relief at this time. In particular, federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest State court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available State remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, Petitioner has provided the Court with no information regarding his pursuit of State post-conviction relief. He also has not identified the county in which he was convicted, which is necessary information for the Court to determine the proper venue for this petition.

Because the Court cannot evaluate fairly this habeas action in its present state, the petition is DISMISSED WITH LEAVE TO AMEND. If Petitioner is of the belief that his claims are in the correct procedural posture to proceed in federal court, he shall file an amended petition on the Court's habeas form, which form is being provided to Petitioner with this Order.  The failure to file a completed habeas form as directed below will result in the dismissal of this action without prejudice to Petitioner's filing a new habeas action in federal court when he is ready to do so.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED WITH LEAVE TO AMEND.

No later than thirty (30) days from the date of this Order, Petitioner shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to raise in federal court.  He should clearly write in the correct caption and case number for this action, C 11-1554 CW (PR).

If Petitioner fails to file a completed § 2254 habeas petition form within the thirty-day deadline, the case will be dismissed without prejudice.

The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.

IT IS SO ORDERED.

DATED: 6/21/2011

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO VALLE,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV11-01554 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank § 2254 habeas petition form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Valle 2317158
San Francisco County Jail
850 Bryant St.
San Francisco, CA 94103

Dated: June 21, 2011

                                     Richard W. Wieking, Clerk
                                     By: Nikki Riley, Deputy Clerk